IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 1:20CR798 |
| ) | |
| Plaintiff, ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| ARTHUR FAYNE, ) | ANSWER OF THE GARNISHEE |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| NORTHEAST OHIO NEIGHBORHOOD ) | |
| HEALTH SERVICES, INC. (NEON), ) | |
| ) | |
| Garnishee. ) | |

I, __Willie F. Austin__, the __Chief Executive Officer__ of
  (NAME)                          (TITLE)
__Northeast Ohio Health Services__

Garnishee EDIT, state under penalty of perjury as follows:

GARNISHEE IS **(choose one)**:

[ ] An individual doing business in the name of _____.

[ ] A partnership, [ ] LP, [ ] LLP or [ ] LLC

[X] A corporation, organized under the laws of the State of __Ohio__.

On __or about November 14, 2024__, 2024, Garnishee was served with the Writ of Continuing Garnishment. At the time Garnishee was served with the Writ of Continuing Garnishment, Garnishee had in its possession or control the following property of the Defendant:

1. Garnishee is contracted with or employed the Defendant from:

   __2013__ to __Nov. 29, 2024__

2. Defendant's pay period is: **N/A - as needed contract basis**

   [ ] weekly, [ ] bi-weekly, [ ] semi-monthly, [ ] monthly,

   other: _____.

   The current pay period began _November 1, 2024_ and ends _November 29, 2024_.

3. Enter amounts for the current pay period to calculate garnishment:

   (a) Gross Earnings[1]          $ _14,923.57_

   (b) Less deductions required by law: $ ___0___

       Federal Income Tax          $ ___0___

       F.I.C.A.                    $ ___0___

       State Income Tax            $ ___0___

       City/Local Income Tax       $ ___0___

       Total of tax withholdings   $ ___0___

   (c) Disposable Earnings $ (a) less total of (b)

       75% of Disposable Earnings $ _11,192.68_ (exempt pay to Defendant)

   (d) **Non-exempt disposable earnings required to be withheld is the lesser of:**

       25% of disposable earnings $ _3730.89_ or

       Disposable earnings less $217.50 = $ _____ [2] (c) less (30x $7.25)

   **DO NOT DISBURSE WITHHOLDINGS UNTIL FURTHER COURT ORDER.**

   **NOTE: FEDERAL LAW DOES NOT PROVIDE FOR A FEE FOR THE EMPLOYER.**

---

[1] "Earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments to a pension or retirement program. "Disposable earnings" means that part of earnings remaining after all deductions required by law have been withheld. "Nonexempt disposable earnings" means 25 percent of disposable earnings. 28 U.S.C. §§ 3002(5)-(6) and (9).

[2] Under federal law, 18 U.S.C. § 3613(a)(3) and 15 U.S.C. § 1673, the maximum subject to garnishment is 25% of disposable earnings for a week or the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

4.  Prior garnishments or other court-ordered withholdings presently in effect including, but not limited to child support and alimony, are described as (include case number, state, county):

I am aware of no other garnishments or any other court-ordered withholdings in effect.

5.  Garnishee has in its possession or under its control the following property other than earnings in which the Defendant has an interest:

[X] None or description of property, approximate value, and Defendant's interest:

_____

6.  Other than earnings, Garnishee anticipates owing to the Defendant the following amounts in the future: $ 0

[X] None or description of property, approximate value, and estimated due date:_____

**IF GARNISHEE DENIES HOLDING PROPERTY SUBJECT TO GARNISHMENT:**

7.  Check the applicable line below if you deny that you hold property subject to this order of garnishment.

[__]: The Garnishee makes the following claim of exemption on the part of Defendant:

_____

[__]: The Garnishee has the following objections, defenses, or set-offs to the United States' right to apply Garnishee's indebtedness to the judgment debtor to the United States' claim:

[__]: The Garnishee was then in no manner and upon no account indebted or under liability to the defendant, Arthur Fayne, and that the Garnishee did not have in his/her possession or control any property belonging to the Defendant, or in which the Garnishee has an interest; and is in no manner liable as Garnishee in this action.

3

8. The Garnishee mailed a copy of this answer by first-class mail to:

(1) the Defendant, at the address in Garnishee's records.[3]

(2) to the Clerk of Court, United States Court House, Suite 1-127, 801 West Superior Avenue, Cleveland, Ohio 44113; and

(3) to the attorney for the United States, Joseph Z. Czerwien, Assistant U. S. Attorney, United States Court House, Suite 400, 801 West Superior Avenue, Cleveland, Ohio 44113.

9. The Garnishee also sent a copy of this answer by electronic mail to:

(1) to the attorney for the United States, Joseph Z. Czerwien, Assistant U.S. Attorney, United States Court House, Suite 400, 801 West Superior Avenue, Cleveland, Ohio 44113.

---

[3] Pursuant to FED. R. CRIM. P. 49.1, the defendant's home address has been redacted to prevent public disclosure. Upon request of the court, the full address will be provided in camera.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of January, 2025.

Willie F. Austin  *Willie F Austin*
Print name of Garnishee

_____
Printed name and title of person who completed form

Address: 4800 Payne Avenue, Cleveland Ohio, 44103
City, State, Zip:

Telephone and Fax Numbers: 216 407 4880

Email: austinwfsr@aol.com

## ACKNOWLEDGMENT

State of _____

County of _____

Subscribed and sworn to before me this _____ day of _____, 2024.

Notary Public Signature: _____    My Commission Expires: _____

Printed Name: _____

(seal)

5